AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>NICKOLUS HARRIS<br><br>*Defendant(s)* | )<br>)<br>)  Case No.<br>)         3:25-mj- 1460-MCR<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 6, 2025__ in the county of __Duval__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a), 21 U.S.C. § 841(b)(1)(C) | Distribution of controlled substances |

This criminal complaint is based on these facts:

See affidavit.

☑ Continued on the attached sheet.

_____
SA [signature]
*Complainant's signature*

Grant Gabriel, Special Agent, FBI
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 9/19/25

_____
[signature]
*Judge's signature*

City and state: Jacksonville, FL

Monte C. Richardson, United States Magistrate Judge
*Printed name and title*

## CRIMINAL COMPLAINT AFFIDAVIT

I, Grant J. Gabriel, being a duly sworn and appointed Special Agent for the Federal Bureau of Investigation ("FBI"), hereby declare as follows:

### INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since April 2023. I am currently assigned to the FBI Violent Crime Squad in Jacksonville, Florida. I have investigated federal violations concerning crimes of violence, firearms, and narcotics. Before my employment with the FBI, I worked as an FBI Safe Streets Task Force Officer, Narcotics Investigator, and Patrolman for the Brunswick Police Department in Brunswick, Georgia, from September 2017 to April 2022. I successfully completed the FBI Basic Field Training Course and the Georgia Post Certified Law Enforcement Training Academy. Through my law enforcement experience, I have worked on investigations like the one described below.

2. I am currently conducting a drug trafficking investigation involving Nickolus Harris. Because of my personal participation in this investigation, and because of information provided to me by other agents and officers, I am familiar with the facts and circumstances of this investigation. The information set forth in this affidavit is based on my personal knowledge, as well as information obtained from other sources. Because this affidavit is submitted for the limited purpose of establishing probable cause, I have not included every detail of every aspect of the investigation in this affidavit. Rather, it only includes the information necessary to support a finding of probable cause.

3. Based on the facts set forth in this affidavit, there is probable cause to believe that Harris has committed a violation of Title 21, United States Code Sections 841(a) and 841(b)(1)(C)(distribution of controlled substances).

## PROBABLE CAUSE

4. The criminal investigation involves the use of a confidential human source, referred to here as a "CHS." The CHS was arrested on state charges for possession of a firearm by a convicted felon sometime in 2025. In order to be given consideration on the charges brought against him, he was signed up as a confidential human source by the Jacksonville Sheriff's Office (JSO). I later signed him up as a CHS for the FBI.

5. On June 6, 2025, I, along with other members of FBI and JSO, conducted a controlled purchase from Harris. Specifically, the CHS bought cocaine from Harris in the presence of JSO undercover detectives.

6. Before meeting with the CHS, I met with the undercover detectives at a predetermined location, where the car they were using, the "undercover vehicle," was searched for contraband and none was found. The detectives then drove the undercover vehicle to a predetermined location to pick up the CHS. Upon contact with law enforcement, the CHS was searched, and $6 was found on his person, which was then temporarily seized. The CHS and detectives then met me at another predetermined location where I set up the CHS and the detectives with audio and video recording devices and gave the CHS U.S. currency for the controlled purchase.

2

7. Through my debriefing with the CHS and the undercover detectives, my observations, and review of audio and video recordings, I learned that Harris and the CHS arranged to meet so that the CHS could purchase cocaine. On June 6, 2025, after meeting at a location in Jacksonville, Florida, Harris, handed the CHS a Ziplock bag containing suspected cocaine in exchange for U.S. currency. The undercover detectives were present and observed the exchange. After the operation, members of law enforcement took custody of the suspected cocaine from the CHS. The suspected cocaine was eventually submitted to DEA Southeastern Laboratory for further testing. I reviewed the results and noted that what the CHS purchased from Harris was in fact cocaine, a schedule II controlled substance under the Controlled Substances Act.

8. As part of my investigation, I reviewed the criminal history of Harris and learned that he has prior convictions for cocaine possession (2023), and possession of a firearm or weapon by a convicted felon in (2015), among other felonies.

## CONCLUSION

9. Based upon the foregoing, there is probable cause to believe that on June 6, 2025, Harris distributed cocaine in violation of Title 21 United States Code, Sections 841(a) and 841(b)(1)(C).

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

_____
Grant J. Gabriel
Special Agent, FBI

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed R. Crim. P. 4.1 and 4(d).

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE
MIDDLE DISTRICT OF FLORIDA

4